*J. G. Haswell, for appellants. R. H. Bowmer, for appellees.*

---

R. S. HUDSON, ET AL., *v.* THOMAS S. HUDSON, ET AL.

**Sale to Defraud Creditors—Preference of Creditor.**
　　　An insolvent debtor cannot legally sell property to one creditor for the purpose of preferring him to the exclusion of his other creditors and in contemplation of insolvency.

APPEAL FROM PULASKI CIRCUIT COURT.

March 16, 1876.

OPINION BY JUDGE PETERS:

At the times of the sales of the whisky and other personal property

by Thomas S. Hudson to William Hubble, who had manifested some uneasiness on the subject, and the night before the sale by Thomas S. Hudson of the whisky there in Louisville to him, he went to where John P. Hudson lived, who was a partner in the whisky, and spent the night with him to prevail on him to agree to a division of that whisky, and on the same day the agreement was made Hubble purchased it from Thomas S. Hudson. He afterwards purchased from him one yoke of oxen, eight head of cattle, two mules, one wagon, and one mare, at the agreed total price of $496, all of which he credited on the indebtedness of Hudson to him. The live stock and other personalty retained by Hudson were of little value compared with the value of that sold to Hubble.

Besides his indebtedness to Hubble, he owed a number of other debts, amounting to a large sum, considering his means, and he was unable to pay them. He proves he was pressed by his creditors before and at the time of the sales to Hubble, and had no money; and J. P. Hudson proves that he told Hubble that the partnership debts of Thomas S. Hudson and himself were not paid; and he then told him that said debts must be paid, and Thomas S. Hudson's only chance to raise money was by a sale of the whisky in Louisville, and that he was bound to sell it at some price to pay his debts. Besides Hubble and Thomas S. Hudson were brothers-in-law, and Hubble was in a situation to know the failing circumstances of Hudson.

From the evidence in the case all of Thomas S. Hudson's property, real and personal, left after the sale to Hubble, was insufficient to pay his debts and he was insolvent at the time. We are, therefore, constrained to conclude that the sale was made to Hubble by Thomas S. Hudson for the purpose of preferring Hubble to the exclusion of his other creditors and in contemplation of insolvency.

Wherefore the judgment dismissing the petition is *reversed* and the cause is remanded for further proceedings consistent herewith.

*T. Z. Morrow, for appellants.   A. J. James, for appellees.*